22-848-pr
*Valverde v. Folks*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-three.

PRESENT:     JOSÉ A. CABRANES,
             JOSEPH F. BIANCO,
             MYRNA PÉREZ,
                      *Circuit Judges.*

_____

ANGEL VALVERDE,

               *Plaintiff-Appellant,*            22-848-pr

          v.

J.D. FOLKS, Correction Officer at Sing Sing Correctional Facility, L. BROWN, Correction Officer at Sing Sing Correctional Facility, JOHN GONZALEZ, Sergeant at Sing Sing Correctional Facility, JANE FRANGELLA, Registered Nurse at Sing Sing Correctional Facility, JOHN RICCIO, Lieutenant at Sing Sing Correctional Facility, JOHN MAYES, Hearing Officer at Downstate Correctional Facility, ROBERT MORTON, Superintendent of Downstate Correctional Facility, MICHAEL CAPRA, Superintendent of Sing Sing Correctional Facility, JOHN ORICCO, Lieutenant at Sing Sing Correctional Facility, T.A. CUNNINGHAM,

               *Defendants-Appellees.*\*

_____

\* The Clerk of Court is directed to amend the official case caption as set forth above.

| | |
|---|---|
| **For Plaintiff-Appellant:** | Sofia Aranda, Aranda Law Firm, PLLC, New York, NY. |
| **For Defendants-Appellees J.D. Folks Tyrone Cunningham; Lawton Brown; Julio Gonzalez; Alfonso Orrico; Robert Mayes; Michael Capra; Robert Morton:** | Sarah Coco, Judith N. Vale, Barbara D. Underwood, *on behalf of* Letitia James, *Attorney General State of New York*, New York, NY. |
| **For Defendant-Appellee Jane Frangella:** | Anthony M. DeFazio, Anthony DeFazio Law, PC, Beacon, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York. (Mary Kay Vyskocil, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Angel Valverde commenced this action in August 2019. In his Third Amended Complaint ("TAC"), Plaintiff alleged (1) a section 1983 claim under the Eighth Amendment for excessive force against all Defendant Officers, TAC ¶¶ 87–92; (2) a section 1983 claim under the Eighth Amendment for deliberate indifference against Defendant Michael Capra, the superintendent of Sing Sing, TAC ¶¶ 93–99; (3) a section 1983 claim under the Eighth Amendment for procedural due process violations against Commission Hearing Officer Mayes and Defendant Robert Morton, the superintendent of Downstate, TAC ¶¶ 100–104; and (4) a section 1983 claim for a failure to intervene against Correction Officer ("CO") Folks, CO Cunningham, CO Brown, Sergeant Gonzales, Nurse Frangella, Lieutenant Orrico, and Superintendent Capra, TAC ¶¶ 105–110. In 2020, the District Court granted Superintendents Morton and Capra's motion to dismiss claims, App'x 13, Dist. Ct. Dkt. No. 93, and in 2022, the District Court granted summary judgment to the remaining defendants. App'x 232–52. On appeal, Plaintiff contends that the District Court erred in granting summary judgment because, *inter alia*, Plaintiff did not fully exhaust the prison grievance system and other factual discrepancies raise triable issues. We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

We review *de novo* both Plaintiff's exhaustion of administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA"), *Williams v. Priatno*, 829 F.3d 118, 121–22 (2d Cir. 2016), and the grant of summary judgment, *Summa v. Hofstra Univ.,* 708 F.3d 115, 123 (2d Cir. 2013).

On appeal, Plaintiff contends that the District Court erred in its exhaustion determination. The PLRA provides that incarcerated individuals may not file lawsuits under 42 U.S.C. § 1983 to challenge prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Below, Judge Vyskocil granted judgment for Defendants on Plaintiff's failure to exhaust available remedies. For the reasons set forth in the District Court's Opinion, we agree as to the Eighth Amendment excessive force and failure-to-intervene claims. App'x 241–46. Although opaque processes "so confusing that . . . no reasonable prisoner can use them," may excuse noncompliance, *Ross v. Blake*, 578 U.S. 632, 644 (2016) (citation and internal quotation marks

omitted), we conclude, for the same reasons articulated by the District Court, that the administrative procedures applicable to Plaintiff's grievance appeal did not reach the required threshold, App'x 245–46. Consequently, Plaintiff offers no basis to excuse his failure to exhaust administrative remedies as to the Eighth Amendment claims.

Plaintiff also argues that the District Court erred in granting summary judgement to Commission Hearing Officer Mayes, who oversaw Plaintiff's disciplinary hearing. Upon our *de novo* review, we agree with the District Court that Plaintiff received adequate due process during the disciplinary hearing. *See id.* at 248–51.

## CONCLUSION

We have reviewed all of the arguments raised by Plaintiff on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3